JOHN S. LEONARDO
United States Attorney
District of Arizona
JOHN R. EVANS
Assistant U.S. Attorney
State Bar No. 005797
405 West Congress, Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
Email: john.evans2@usdoj.gov
Attorneys for Plaintiff



FILED ___ LODGED ___
RECEIVED ___ COPY ___
JUN 10 2013
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>v.<br>Miguel Angel Marquez-Martinez,<br>aka Miguel A. Marquez,<br>Defendant. | CR 13-446 TUC JGZ (BGM)<br>Mag. No. 13-5323M<br><br>PLEA AGREEMENT<br><br>(Fast Track 5K3.1) |

The United States of America and the defendant hereby agree to dispose of this matter on the following terms and conditions:

## PLEA

The defendant will plead guilty to an Indictment charging a violation of Title 8, United States Code (U.S.C.), Section 1326(a), with a possible sentencing enhancement under 1326(b)(1) or 1326(b)(2), Illegal Reentry of Removed Alien.

**I. MAXIMUM PENALTIES**

A. A violation of 8 U.S.C. § 1326(a), enhanced by 8 U.S.C. § 1326(b)(1) or 8 U.S.C. § 1326(b)(2) is a Class C felony. The maximum term of imprisonment is 10 years under 8 U.S.C. § 1326(b)(1). The maximum term of imprisonment is 20 years under 8 U.S.C. § 1326(b)(2). A Class C felony is punishable by both imprisonment and a maximum fine of $250,000, and a term of supervised release of up to 3 years.

B.  According to the United States Sentencing Guidelines (U.S.S.G.) issued pursuant to the Sentencing Reform Act of 1984, the Court shall:

1.  Order the defendant to pay a fine pursuant to 18 U.S.C. §§ 3572 and 3553, unless the Court finds that a fine is not appropriate; and

2.  Order the defendant to serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed, and may impose a term of supervised release in all other cases.

C.  Pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the defendant to pay a $100 special assessment.

## II.  AGREEMENTS REGARDING SENTENCING

A.  <u>Stipulation: Acceptance of Responsibility</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), if the defendant makes full and complete disclosure to the Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will stipulate and agree to a two-level reduction pursuant to U.S.S.G. § 3E1.1. If the defendant has an offense level of 16 or more, the United States will stipulate and agree to an additional one-level reduction pursuant to U.S.S.G. § 3E1.1.

B.  <u>Stipulated Sentence Under Early Disposition Program</u>.  Although the parties understand that the Sentencing Guidelines are only advisory, and just one of the factors the Court will consider under 18 U.S.C. § 3553(a), pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P. and U.S.S.G. § 5K3.1, the government and the defendant stipulate and agree that the following is an appropriate disposition of this case:

<u>Two Level Departure For Fast Track</u>

<u>Offense Level 12:</u>           (8 +4) - U.S.S.G. § 2L1.2

~~10 to 16~~ months of imprisonment if defendant's Criminal History Category is I;
~~12 to 18~~ months of imprisonment if defendant's Criminal History Category is II;

2

~~15 to 21~~ months of imprisonment if defendant's Criminal History Category is III;
~~15 21 to 27~~ months of imprisonment if defendant's Criminal History Category is IV;
~~21 27 to 33~~ months of imprisonment if defendant's Criminal History Category is V;
~~27 30 to 37~~ months of imprisonment if defendant's Criminal History Category is VI.

C. <u>Supervised Release</u>. This plea agreement is conditioned on the defendant not being on federal supervised release at the time of the offense. If the defendant is found to have been on supervised release, the defendant's supervised release violation matter will be addressed in separate proceedings/pleadings.

D. <u>Multiple Offense Levels</u>. If the defendant has multiple convictions, which fall under more than one specific offense classification level (i.e. U.S.S.G. § 2L1.2(b)(1)(A), (B), (C), (D), and/or (E)), the highest specific offense classification level will be used in calculating the sentence which will be imposed upon the defendant. The precise level of offense and number of months sentence imposed will be determined by the court based upon the defendant's criminal record.

E. <u>Criminal History Points</u>. If the defendant has 18 or more criminal history points, or if the government discovers a conviction other than those disclosed to the defense prior to sentencing, the government shall have the right to withdraw from this agreement.

F. <u>No Other Departure or Reduction</u>. The defendant understands and agrees that this plea agreement contains all of the terms, conditions, and stipulations regarding sentencing. If the defendant requests or if the Court authorizes (a) any downward departure [or variance]; or (b) any other reduction or adjustment of sentence not specifically agreed to in writing by the parties, the government may withdraw from the plea agreement. If the court departs from the terms and conditions set forth in this plea agreement, either party may withdraw.

G. <u>Plea Addendum</u>. This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded

3

in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any may not be in the public record.

### III. COURT APPROVAL REQUIRED

If the Court, after reviewing this plea agreement, concludes that any provision is inappropriate, it may reject the plea agreement under Rule 11(c)(5), Fed. R. Crim. P., giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw the defendant's guilty plea.

### IV. WAIVER OF DEFENSES AND APPEAL RIGHTS

Provided the defendant receives a sentence in accordance with this fast-track plea agreement, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence - including the manner in which the sentence is determined and any sentencing guideline determinations - and includes, but not limited to, any appeals under 18 U.S.C. § 3742 (sentencing appeals), any motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). The defendant acknowledges that this waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. If the defendant files a notice of appeal or other challenge to his/her conviction or sentence, notwithstanding this agreement, the defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether the defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement.

## V. REINSTATEMENT OF PRIOR ORDERS OF REMOVAL / IMMIGRATION CONSEQUENCES OF PLEA

The defendant admits that the defendant was the subject of a previous order of removal, deportation or exclusion. The defendant acknowledges he/she has been advised by his/her attorney and understands he/she may be subject to removal from the United States as a collateral consequence of his/her guilty plea in this case for illegal re-entry after deportation.

## VI. PERJURY AND OTHER OFFENSES

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, obstruction of justice, or any other offense committed by the defendant after the date of this agreement. Any information, statements, documents, or evidence the defendant provides to the United States pursuant to this agreement, or to the Court, may be used against the defendant in all such prosecutions.

## VII. REINSTITUTION OF PROSECUTION

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges and/or allegations of supervised release violations as to which it has knowledge, and any charges and/or allegations of supervised release violations that have been dismissed or not alleged because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings. Defendant agrees that the stipulated fast-track departures set forth under "Agreements Regarding Sentence" will not be offered if prosecution is re-instituted.

## VIII. DISCLOSURE OF INFORMATION

A. The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the Probation Office and to the Court in connection with the case.

B.  The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the Probation Office including, but not limited to, questions relating to:

1.  Criminal convictions, history of drug abuse and mental illness; and

2.  Financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine.

## IX. EFFECT ON OTHER PROCEEDINGS

This agreement does not preclude the United States from instituting any civil or administrative proceedings as may be appropriate now or in the future.

## DEFENDANT'S APPROVAL AND ACCEPTANCE

I have read the entire plea agreement with the assistance of counsel and understand each of its provisions.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; and to be presumed innocent until proven guilty; and to appeal or otherwise challenge my conviction and sentence.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined after consideration of the advisory Sentencing Guidelines. I understand that the Sentencing Guidelines are only advisory and that without this agreement the Court

would be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

My guilty plea is not the result of force, threats, assurances, or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

I agree that this written plea agreement and addendum contain all the terms and conditions of my plea. I further agree that promises, <u>including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply,</u> made by anyone (including my attorney) that are not contained within this written plea agreement are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

## ELEMENTS

### Reentry of Removed Alien

On or about February 20, 2013, in the District of Arizona:

1. The defendant was an alien;

2. The defendant had been previously denied admission, excluded, deported, or removed from the United States;

3. The defendant knowingly and voluntarily reentered or was present after a voluntary entry and found in the United States in the District of Arizona; and

4. The defendant did not obtain the express consent of the Attorney General or the Secretary of Homeland Security to reapply for admission to the United States prior to returning to the United States.

## FACTUAL BASIS

I further admit the following facts are true and if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

> I am not a citizen or national of the United States. I was removed from the United States through Laredo, Texas, on February 5, 2013. I was voluntarily present and found in the United States at or near Nogales, Arizona, on February 20, 2013. I did not obtain the express consent of the United States government to reapply for admission to the United States prior to returning to the United States.
>
> For sentencing purposes, I admit I was convicted of robbery, a felony, on June 1, 2009. I was represented by an attorney, and I was sentenced to 5 years prison - suspend - with 3 years community control; and then on July 15, 2009, community control revoked with 3 years prison.

I have read this agreement or it has been read to me in Spanish, and I have carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it.

06-10-13
Date

_[signature]_
Miguel Angel Marquez-Martinez
Defendant

8

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, the consequences of the guilty plea (including the maximum statutory sentence possible), and that the defendant is waiving the right to appeal or otherwise challenge the conviction and sentence. I have discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations that are not contained in this written agreement have been given to me or to the defendant by the United States or any of its representatives. I have concluded that the entry of the plea as indicated above on the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

I translated or caused to be translated this agreement from English into Spanish to the defendant on the _____ day of _____, _____.

June 10, 2013
Date

Randolfo V. Lopez
Attorney for Defendant

## UNITED STATES' APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

JOHN S. LEONARDO
United States Attorney
District of Arizona

_6/10/13_
Date

JOHN R. EVANS
Assistant U.S. Attorney